BOND BUYER, Appellant, v. DEALERS DIGEST PUBLISHING COMPANY, INC., et al., Respondents.

First Department, March 15, 1966.

*John M. Johnston* of counsel (*Peter G. Eikenberry* and *Dugan & Rosen* with him on the brief; *White & Case,* attorneys), for appellant.

*George M. Chapman* of counsel (*Horace A. Teass* and *Peter Campbell Brown* with him on the brief; *Rogers, Hoge & Hills,* attorneys), for respondents.

*Per Curiam.* Plaintiff publishes the *Daily Bond Buyer.* Defendant publishes *Eliot Sharp's Tax-Exempt Newsletter.* Both publications deal with the market in bonds issued by municipalities and other governmental agencies. Plaintiff's publication is concededly far more extensive and complete than defendant's. In addition, plaintiff operates a teletype news service which it calls "Munifacts News Wire Service" and which it sells to subscribers. This service gives immediate information on bond offerings in the field, and the information so supplied is received by subscribers in advance of its publication in either of the two news sheets.

Defendant has appropriated information gained from plaintiff's wire service, though defendant is not a subscriber, and by this means has been enabled to publish items in its news sheet contemporaneously with plaintiff's publication in its news sheet, thereby reaping the benefit of plaintiff's news gathering staff without either incurring the expense or expending the effort.

It is now no longer subject to question that there is a property in the gathering of news which may not be pirated (*International News Serv.* v. *Associated Press,* 248 U. S. 215). In fact, defendant here does not dispute this. It contends first that there is no sufficient showing that it has engaged in any prohibited practice. This contention cannot prevail. Plaintiff on five separate occasions deliberately inserted errors in its Munifacts reports and these errors appeared in defendant's publication. In addition, plaintiff disseminated news of an issue by a nonexistent agency, the name of which plaintiff made up, and this item forthwith appeared in defendant's publication. This is beyond the possibility of coincidence and establishes without question that defendant was using the information disseminated over the wire service for its publication.

Secondly, defendant contends that all the information contained in the wire service reports is obtained from releases of various kinds by the authorities issuing the bonds. Defendant

160

further contends that these authorities desire the widest possible circulation of this information and hence all of it is in the public domain. All of this is true. However, plaintiff's rights do not depend on copyright, or any exclusory right in the information itself. They lie in the fact that the information "has been acquired by complainant as the result of organization and the expenditure of labor, skill, and money, and * * * is salable by complainant for money" (*International News Serv.* v. *Associated Press, supra*, p. 239). To make a commercial use of the result of the labor is, as the court said, to reap where one has not sown. In legal phraseology, it is a form of unfair competition.

Lastly, defendant contends that no irreparable harm has been shown as the information is published by the plaintiff itself on the day following its appearance in the wire service. The fact that the time during which the information is of special value is short does not affect the situation. It is long enough for defendant to seek a gain from its use.

The order should be reversed, with costs and disbursements and a temporary injunction granted. Settle order on notice.

Botein, P. J., McNally, Stevens, Eager and Steuer, JJ., concur.

Order, entered on November 12, 1965, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to the appellant, and a temporary injunction granted. Settle order on notice.